# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

BARTON ALLEN

      Plaintiff,

          Case No.: 26-cv-1283

          Hon.:

v.

ROBERT TINERELLA,  HEATHER BAGLEY, MARCUS LEMKE,
BOBBIE WICKWIRE, and UNIDENTIFIED OFFICER 1,

Defendants.

_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff BARTON ALLEN, by counsel and through his counsel, Ian T. Cross, Esq., and for his Complaint against Defendants, states as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

1

3. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to these claims occurred in Ionia County, Michigan, within the Western District of Michigan.

## PARTIES

4. Plaintiff BARTON ALLEN is a prisoner in the custody of the Michigan Department of Corrections and is currently confined at Oaks Correctional Facility.

5. Defendant ROBERT TINERELLA was, at all relevant times, a corrections officer employed by the Michigan Department of Corrections and acting under color of state law.

6. Defendant MARCUS LEMKE was, at all relevant times, a corrections officer employed by the Michigan Department of Corrections and acting under color of state law.

7. Defendant BOBBIE WICKWIRE was, at all relevant times, a corrections officer employed by the Michigan Department of Corrections and acting under color of state law.

8. Defendant HEATHER BAGLEY was, at all relevant times, a corrections officer employed by the Michigan Department of Corrections and acting under color of state law.

9. Defendant UNIDENTIFIED OFFICER 1 was, at all relevant times, a corrections officer employed by the Michigan Department of Corrections and acting under color of state law.

## STATEMENT OF FACTS

10. On January 13, 2025, Plaintiff was housed at Ionia Correctional Facility, Ionia, Michigan.

11. Plaintiff entered the dayroom with other inmates to obtain his morning meal tray.

12. Upon receiving his tray, Plaintiff and other inmates noticed that their trays were missing sugar packets.

13. Defendant WICKWIRE then instructed the inmates, including Plaintiff, to wait while sugar was retrieved.

14. A line of inmates formed in the dayroom to obtain the retrieved sugar packets.

15. Plaintiff joined the line with permission from Defendant WICKWIRE.

16. At this time, Plaintiff was not in violation of any rule or directive.

17. When Plaintiff reached the front of the line and obtained sugar, Defendant TINERELLA aggressively approached him and repeatedly shouted, "Put the fucking sugar down."

18. Plaintiff stated that he had been given permission to obtain the sugar missing from his tray and requested Defendant TINERELLA call a supervisor.

19. At this time, Plaintiff was passively holding his food tray and posed no threat to Defendant TINERELLA.

20. Without justification or provocation, Defendant TINERELLA grabbed Plaintiff and punched him in the face.

21. Plaintiff was knocked to the ground and did not attempt to strike back or otherwise defend himself throughout the attack, as Defendant TINERLLA repeatedly punched and kneed Plaintiff in the head and body while Plaintiff was on the ground.

3

22. Defendants LEMKE, WICKWIRE, BAGLEY, and UNIDENTIFIED OFFICER 1 were present, in proximity to observe the assault and had a realistic opportunity to intervene.

23. Despite Defendants' opportunity to intervene and their duty to protect Plaintiff from Defendant TINERELLA,  Defendants LEMKE, WICKWIRE, BAGLEY, and UNIDENTIFIED OFFICER failed to intervene to protect Plaintiff.

24. After Defendant TINERLLA concluded his attack on Plaintiff, the plaintiff was assessed by medical staff during his escort to administrative segregation (Ad Seg).

25. Medical staff determined Plaintiff's head and facial injuries warranted emergency medical attention.

26. Plaintiff was then transported to the U. of M. Sparrow of Ionia Hospital where he was diagnosed with a fractured zygomatic arch.

27. Upon information and belief, Defendant TINERELLA admitted to the assault at a later misconduct hearing.

28. Plaintiff later had to undergo surgery to repair the facial fracture caused by Defendant TINERELLA punching him in the face.

## COUNT I
### Excessive force
### (42 U.S.C. § 1983)
### (As to Defendant TINERELLA)

29. Plaintiff realleges and incorporates by reference the preceding paragraphs above as though fully set forth herein.

4

30. Defendant TINERELLA used force maliciously and sadistically for the purpose of causing harm to Plaintiff.

31. Defendant TINERELLA's actions violated the MDOC's use-of-force policy and were not taken in a good-faith effort to maintain or restore discipline.

32. Defendant TINERELLA's conduct violated Plaintiff's Eighth Amendment rights.

33. Plaintiff suffered significant physical and emotional injuries as a direct and proximate result of Defendant TINERELLA's unlawful conduct.

## COUNT II

### FAILURE TO INTERVENE
### (42 U.S.C. § 1983)
### (As to Defendants LEMKE, WICKWIRE, BAGLEY, and UNIDENTIFIED OFFICER 1)

34. Plaintiff realleges and incorporates by reference the preceding paragraphs above as though fully set forth herein.

35. Defendants LEMKE, WICKWIRE, BAGLEY, and UNIDENTIFIED OFFICER 1 observed Defendant TINERELLA use excessive force against Plaintiff.

36. These Defendants had a realistic opportunity to intervene.

37. Defendants, despite their duty to do so, failed to intervene and protect Plaintiff.

38. Defendants' inaction constituted deliberate indifference and violated Plaintiff's rights.

39. Plaintiff sustained significant physical and emotional injuries as a direct and proximate result of Count II Defendants' failure to intervene and protect him.

## COUNT III

## BATTERY (STATE LAW)
### (As to Defendant TINERELLA)

40. Plaintiff realleges and incorporates by reference the preceding paragraphs above as though fully set forth herein.

41. Defendant TINERELLA intentionally and without justification or consent made harmful and offensive contact with Plaintiff.

42. This conduct constitutes battery under Michigan law.

43. Plaintiff sustained significant physical and emotional injuries as a direct and proximate result of Defendant TINERELLA's offensive contact.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As to all defendants)

44. Plaintiff realleges and incorporates by reference the preceding paragraphs above as though fully set forth herein.

45. Defendants' conduct was extreme and outrageous.

46. Defendants intended to cause, or recklessly disregarded the likelihood of causing harm, including emotional distress to Plaintiff.

47. Plaintiff suffered severe emotional distress as a direct and proximate result of Defendants' actions and inactions.

## PRAYER FOR RELIEF

6

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award:

A. Compensatory damages in an amount to be determined at trial for physical injuries, pain and suffering, and emotional distress;

B. Punitive damages against the individual Defendants for their willful, malicious, and reckless conduct;

C. Costs, litigation expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

D. Pre-judgment and post-judgment interest as allowed by law;

E. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 20, 2026                    Respectfully submitted,

CROSS LAW PLLC

*/s/ Ian T. Cross*
Ian T. Cross (P83367)
Attorney for Plaintiff Barton Allen
402 W Liberty St.
Ann Arbor, MI
(734)-994-9590
ian@lawinannarbor.com

7